# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| LOUIS-DWAYNE PILLOW, | : Case No. 3:25-cv-00075 |
| Plaintiff, | : |
| | : District Judge Michael J. Newman |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : |
| RICHARD BLOMMEL, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION
## TO DENY *IN FORMA PAUPERIS* STATUS AND
## ORDER PLAINTIFF TO PAY THE FILING COSTS IN FULL

Plaintiff Louis-Dwayne Pillow has submitted a *pro se* complaint to the Court. He initially asked the Court to allow him to pay the case's filing costs over time (*see* "IFP Application," Doc. No. 1 at PageID 4; Deficiency Order, Doc. No. 3), but now asks the Court to allow him to proceed *in forma pauperis* and without prepaying the filing costs ("Amended IFP Application," Doc. No. 4). For the reasons explained below, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** both of Plaintiff's IFP Applications and **ORDER** him to pay the filing costs in full to proceed.

"Anyone who files a lawsuit in federal court presumptively must pay a filing fee." *Crump v. Blue*, 121 F.4th 1108, 1110 (6th Cir. 2024) (citing 28 U.S.C. § 1914(a)). The total amount to file is $405, which consists of a $350 filing fee and a $55 administrative fee. In the usual civil case $405 is generally due and paid when the case is opened; a case generally will not proceed until it is paid. "[A]nyone who cannot pay the fee may ask to

proceed 'in forma pauperis,' a status that allows the litigant to pay the fee over time or sometimes not at all." *Id*. (citing § 1915(a)-(b)). Prisoners, in particular, are permitted to pay the fee over time. Non-prisoners are not given that option in the statute; if granted IFP status they are generally not required to pay the fees at all. Because Plaintiff is not a prisoner, to the extent he asks for such a payment plan in his first IFP Application (Doc. No. 1), the undersigned **RECOMMENDS** that the Court **DENY** his request. (*See also* Deficiency Order, Doc. No. 3.)

"To proceed *in forma pauperis*, plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly destitute.'" *Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). "Instead, a plaintiff must merely show that he is unable to, 'because of his poverty, pay or give security for the [filing] costs and still be able to provide himself and dependents with the necessities of life.'" *Id.*

> Courts have routinely denied *in forma pauperis* status to litigants who have significant income and assets such as a home and vehicles, even if it would require some financial sacrifice in order for the applicant to pay the filing fee. . . . *In forma pauperis* status is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.

*Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). Courts "generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses" when

2

considering an IFP application. *Crochran Through Shields v. Columbus City Sch.*, No. 2:15-cv-632, 2017 WL 11634750, at *1 (S.D. Ohio Nov. 20, 2017).

     Here, Plaintiff's IFP Applications reflect that he is not currently employed and that he does not have income. (Doc. No. 1 at PageID 2; Doc. No. 4 at PageID 57.) His spouse, however, is employed and makes $7,000 per month (or $84,000 per year). (*Id.*) The Court must consider the income of Plaintiff's spouse in this situation. *See Reynolds v. Crawford*, No. 1:01-cv-877, 2009 WL 3908911, at *1 (S.D. Ohio Nov. 17, 2009) ("case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*"); *Levet v. Comm'r of Soc. Sec. Admin.*, No. 1:14-cv-01378, 2014 WL 3508893, at *2 (N.D. Ohio July 15, 2014) (quoting *Monti v. McKeon,* 600 F.Supp. 112, 114 (D.Conn.), *aff'd,* 788 F.2d 1 (2d Cir. 1985) (table)) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). In addition, Plaintiff reports that he owns a vehicle worth $24,000. (Doc. No. 1 at PageID 3; Doc. No. 4 at PageID 58.) He states that he has no monthly bills or creditors. (*Id.*)

     Plaintiff has not shown he would have to forego the necessities of life if required to pay the costs to file this case. *See Adkins,* 335 U.S. at 339. It appears that the income of Plaintiff's spouse covers their expenses, and there is no evidence from which to conclude that his spouse's income is insufficient to cover both the $405 in filing costs for this case and their necessities of life.

Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Applications (Doc. Nos. 1, 4) and **ORDER** him to pay $405 (the $350 filing fee plus a $55 administrative fee) in full within thirty days if he wants to proceed.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of this Court.

Plaintiff may wish to consult the Guide for Pro Se Civil Litigants, which can be found on the Court's website, https://www.ohsd.uscourts.gov/pro-se. He is **ADVISED** that he must notify the Court of any changes to his address while this case is pending.

**IT IS SO RECOMMENDED.**

    */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

**Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a *de novo* determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations

4

made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

      The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).