**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| LOUIS-DWAYNE PILLOW, | : | Case No. 3:25-cv-00075 |
| | : | |
| Plaintiff, | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| RICHARD BLOMMEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff submitted a *pro se* Complaint in March 2025. To date, the Complaint has not been served on Defendants. In addition, Plaintiff failed to respond to an Order requiring him to show cause why this case should not be dismissed. (Doc. No. 11.) The undersigned Magistrate Judge therefore concludes that Plaintiff has failed to prosecute his case and comply with the Court's orders, and accordingly **RECOMMENDS** that the Court **DISMISS** the case.

The Order to Show Cause recounted the history of the case:

The case was opened in March 2025. (Doc. No. 1.) In September 2025, Plaintiff's motions to proceed *in forma pauperis* were denied, and the Court ordered him to pay the full filing fees. (Doc. Nos. 5, 6.) Plaintiff paid these fees on October 17, 2025. (Doc. No. 7.)

On October 29, 2025, the undersigned Magistrate Judge advised Plaintiff, who is proceeding without the assistance of counsel, that he was required to serve Defendants with process by a certain deadline. (Doc. No. 8.) Under Rule 4(m) of the Federal Rules of Civil Procedure, the undersigned calculated "that service on all seven Defendants" should "be accomplished by **January 27, 2026**." (*Id*. at PageID 68 [emphasis in original & footnote

omitted].) Although the Clerk of Court issued the summonses for Plaintiff's use (Doc. No. 10), the docket contains no evidence that Plaintiff served any defendant.

Rule 4(m) is titled "Time Limit for Service." It provides [in relevant part]:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, the Complaint was filed separately on the docket on October 29, 2025. (Doc. No. 9.) Ninety days thereafter was January 27, 2026, as calculated in the prior Order. (Doc. No. 8.) Because it appears that Plaintiff has failed to serve any defendant by that date, all defendants may be dismissed under Rule 4(m). Plaintiff is therefore **ORDERED** to **SHOW CAUSE** why this case should not be dismissed for failure of service of process under Rule 4(m). He shall file a written response with the Court by **March 10, 2026**. If Plaintiff fails to respond to this Order, the Court may dismiss this case for failure to comply with a court order or for the reason discussed above.

(Doc. No. 11 [emphasis in original].)

Plaintiff did not file a response to this Order. The docket reflects that he has taken no action in this case since October 2025. (Doc. No. 7).

Rule 41(b) of the Federal Rules of Civil Procedure "permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 & n.4 (6th Cir. 2008). "District courts also have the inherent power to *sua sponte* dismiss civil actions for want of prosecution [in order to] to manage their own affairs [and] achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).

2

Here, Plaintiff's failure to comply with the Court's orders—to serve Defendants (Doc. No. 8) and to show cause (Doc. No. 11)—warrants dismissal. The 90-day deadline for service of process set by Rule 4(m) has also elapsed, requiring dismissal in the absence of good cause shown. Fed. R. Civ. P. 4(m).

The undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** this case for failure to prosecute and/or failure of service of process. The undersigned further **RECOMMENDS** that the Court **CERTIFY** that an appeal of any order adopting this Report and Recommendation would not be taken in good faith and on that basis **DENY** Plaintiff leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to these recommendations as outlined in the section below. He is reminded that he must notify the Court if his mailing address changes while the case is pending.

  **IT IS SO ORDERED.**

         */s/ Caroline H. Gentry*
         Caroline H. Gentry
         United States Magistrate Judge


**<u>Notice Regarding Objections to this Report and Recommendation ("R&R")</u>**

If any party objects to this R&R, the party may serve and file specific, written objections to it **<u>within fourteen (14) days</u>** after being served with a copy. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may

extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).